IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Kenneth Murchison, | ) | |
| | ) | **ORDER DENYING PETITIONER'S** |
| Petitioner, | ) | **MOTION TO RECONSIDER** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:10-cv-046 |
| State of North Dakota, | ) | |
| | ) | |
| Respondent. | ) | |

On June 7, 2010, the petitioner, Kenneth Murchison, filed a motion for leave to proceed in forma pauperis and a pro se habeas petition under 28 U.S.C. § 2254. See Docket Nos. 1 and 2. On June 15, 2010, Magistrate Judge Charles S. Miller, Jr. issued a Report and Recommendation wherein he recommended that the Court deny Murchison's petition, certify that an appeal from the denial may not be taken in forma pauperis, and that a certificate of appealability not be issued. See Docket No. 4. On July 1, 2010, Murchison filed an objection to the Report and Recommendation. See Docket No. 8. On July 8, 2010, the Court adopted the Report and Recommendation in its entirety, and judgment was entered in accordance with the Court's order. See Docket Nos. 9 and 10.

On July 19, 2010, Murchison filed a motion for reconsideration. See Docket No. 11. The motion states, in part:

> The Report, clearly admitt's, that this Court, errored. . . . Wrongly dismissed the Petitioner's first, and initial filing, of His Writ of Habeas Corpus, § 2254, by mistake, on May 31, 2001. Over (9) nine years, prior to this action. Based upon, ficticious, and faulty information, provided by, a bias, incompetent Attorney, whom the Petitioner, had previously fired, based on the fact's, that - that Attorney, was ineffective, and had been hired, and appointed, to the Petitioner's case, to purposely, and maliciously, and now successfully, sabotage; the Petitioner's case.
>
> The Petitioner, up to this point, and time, was unaware, of the wrongfully Dismissal. Because shortly there after, all of the Petitioner's Legal Files, were lost, and never recovered. . . . The Petitioner, then so stated, this newly descovered - evidence, of fact, in His previously filed, Objection, to the Court. And obviously, the Court, has over-looked that referrence, because their's no mention of it, in the Adoption Order. So again,

> the Petitioner, will move, and request, that the Court, so notice, the expression, of this referrence, to this fact, in it's consideration, upon recieving this Motion.
>
> The Petitioner, will then so move, to the next Issue, of this Motion. That being seperated, permanently, relieved of His Legal Records, and files, will certainly qualify, and meet the requirements and criteria, to envoke the special exception - rules, set out, in the section, of the U.S.C. § 2244(d)(1) provision. . . .
>
> I, the Petitioner, will also, at this time, question the haste, and relevants, in reversing the initial Order, by the Court, granting the Petitioner's Case, Forma Pauperis, based on proven fact, of His indigency, and then revoke the Order, and deny the case, a certificate of Appealability, both, to completely deny the Petitioner, and violate His Right, to "Due process"...under the Fifth Amendment of the United States Constitution. . . . The Petitioner, request, the same review, and redress, provided all other Petitioners/Defendants, regardless of social, or economic status. . . .

See Docket No. 11 (errors and emphasis in original).

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999); see also Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000). Therefore, courts are "frequently put in the difficult position of deciding whether a 'motion for reconsideration' is in fact a Rule 59(e) 'Motion to Alter or Amend a Judgment,' or a Rule 60(b) 'Motion for Relief from Judgment or Order.'" Broadway, 193 F.3d at 989; see Sanders v. Clemco Indus., 862 F.2d 161, 168 (8th Cir. 1988) ("When the moving party fails to specify the rule under which it makes a postjudgment motion, that party leaves the characterization of the motion to the court's somewhat unenlightened guess . . . ."). The Eighth Circuit has instructed that when such a motion is directed at a final order, as is the case here, it should be construed as a Rule 59(e) motion. See Schoffstall, 223 F.3d at 827.

Rule 59(e) allows a court to alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment.[1] Fed. R. Civ. P. 59(e). A district court enjoys broad discretion in determining whether to grant or deny a Rule 59(e) motion. "Rule 59(e) motions serve the limited

---

[1] Murchison's motion was timely filed on July 19, 2010, eleven days after judgment was entered.

function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoting Innovative Home Health Care v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 128 S. Ct. 2605, 2617 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-28 (2d ed. 1995)).

The Court has carefully reviewed the pending motion and finds that there is no justification for granting a Rule 59(e) motion to alter or amend the judgment. Murchison has failed to present any reason why he is entitled to relief under Rule 59(e). Rule 59(e) is not designed to provide an avenue for a disappointed plaintiff to relitigate old matters. Under such circumstances, relief under Rule 59(e) is unwarranted.[2]  Murchison's motion to reconsider (Docket No. 11) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 29th day of July, 2010.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court

---

[2] Even if the Court were to consider Murchison's motion under Rule 60(b) of the Federal Rules of Civil Procedure, he is not entitled to relief. The United States Supreme Court has held that Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986). The Rule "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like)." Broadway, 193 F.3d at 990. Murchison has failed to make the requisite showing under Rule 60(b) to warrant relief.